GEORGE CHAMBERLIN, APPELLANT, *v.* THE BUFFALO, NEW YORK AND PHILADELPHIA RAILROAD COMPANY, RESPONDENT.

*Temporary injunction — application to dissolve it, on giving an undertaking — Code of Civil Procedure, sec. 629, as amended by chap. 404 of 1883 — the undertaking must comply with it strictly.*

Upon the defendant's motion the court vacated a temporary injunction, granted in this action, which restrained the defendant from constructing its road over a portion of a street in a village, the fee of which was vested in the plaintiff, who was the owner of the adjoining house and lot. The defendant did not deny the wrongfulness of its act, but tendered an undertaking "conditioned to pay to the plaintiff all damages that he may sustain by reason of the construction and operation of the defendant's road upon the premises described in the complaint."

*Held,* that as the defendant did not attempt to justify its acts it could only procure a dissolution of the injunction by a strict compliance with the provisions of section 629 of the Code of Civil Procedure, as amended by chapter 404 of 1883.

That the undertaking furnished did not comply with that section which required the undertaking to be "conditioned to indemnify the plaintiff against any loss sustained by reason of vacating such injunction order."

That the court erred in dissolving the temporary injunction.

APPEAL from an order of the Erie County Special Term, dissolving an injunction.

The line of the defendant's railroad is along and through Wayne street, in the village of Olean. The plaintiff is the owner of a house and lot on the south side of Wayne street, ninety feet front, and bounded on the north by the center of said street. The defend-

ant procured from the village of Olean permission to lay down its tracks through Wayne street, with the center line twenty feet north of the south line of said street, the same to be constructed on the grade of said street, with no material excavations or embankments. On the 8th day of June, 1883, the defendant, by its agents and servants, without the consent of the plaintiff, and against his protest, commenced preparing the street in front of the plaintiff's property for the tracks, by plowing, excavating and removing the bed of the street. Thereupon the plaintiff commenced this action, and procured a preliminary injunction restraining the operations of the defendant, and caused the same with the summons and complaint to be served.

In the complaint, the plaintiff sets up his title and alleges that it extends to the center of Wayne street, and that the defendant is doing the acts and things mentioned, and then avers that, unless the defendant is restrained from committing such wrongful and unlawful acts so threatened, the plaintiff will suffer great and irreparable loss and injury, and the said premises will be rendered almost wholly worthless. The complaint is verified by the plaintiff, and is accompanied by his affidavit, stating that he had never given his consent to the defendant that it might construct its road through the street, and that he had requested the agents of the defendant in charge of the work, not to proceed with the same, and that the foreman of the work informed him that they were going to make the cut or excavation in front of his lot two and one-half feet deep, and that the foreman in charge of the work also informed him that he was directed by the company to continue his work until the tracks were laid and the road completed.

Upon affidavits, the defendant moved to dissolve the injunction; at the time of the hearing of this motion no answer had been served. One of the moving affidavits was made by the defendant's chief engineer, in which he states that the plaintiff admitted to him that, in his judgment, the premises would be quite as valuable after the construction of the road as before; that the injunction served operates to the serious injury of the rights of the defendant, inasmuch as it prevents its working on said premises and prevents the laying of a continuous track, so that it can haul material along the line of its road; and that defendant is ready and willing to give

any security or undertaking, as the court may require, conditioned to indemnify the plaintiff against any loss sustained by reason of vacating the injunction.

*F. W. Kruse*, for the appellant.

*Bowen, Rogers & Locke*, for the respondent.

BARKER, J.:

The defendant has not attempted to meet the plaintiff's case upon the merits. Its acts in excavating and removing the soil in that part of the street, in front of the plaintiff's property, is an unjustifiable intrusion upon the plaintiff's possession, and is confessedly a trespass. Upon the undisputed facts, as they now appear, the plaintiff is entitled to the relief demanded in his complaint; that is, for a permanent injunction restraining the defendant from continuing its trespasses upon the plaintiff's lands. Heretofore it has been the practice of the court, in a guarded manner, in cases of this character, to grant a preliminary injunction, to be operative during the pendency of the suit. The plaintiff, in his moving papers, established an unquestioned right to the injunction order within the well-established rules of law applicable in such cases.

It is obvious that the defendant moved to dissolve the injunction with a view of having the same vacated, on giving the security as provided in section 629 of the Code, as amended by chapter 404, Laws of 1883. As amended, the provision of the section is: upon such hearing "the court or judge must, where the alleged wrong or injury is not irreparable and is capable of being adequately com pensated for in money, vacate the injunction order upon the defendant's executing an undertaking in such form and amount and with such sureties as the court or judge shall direct, *conditioned to indemnify the plaintiff against any loss sustained by reason of vacating such injunction order.*"

The order appealed from was granted upon the defendant's executing and delivering an undertaking in the penalty of one thousand dollars, with two good and sufficient sureties, "*conditioned to pay to the plaintiff all damages that he may sustain by reason of the construction and operation of the defendant's road upon the premises described in the complaint in this action.*"

Such an undertaking would not be in compliance with the statute, in letter or in spirit. As the defendant has utterly failed to meet the case upon the merits, he is not entitled to a dissolution of the injunction, except upon strict compliance with the statute as to the form and conditions of the undertaking. Unless the plaintiff succeeds in the action, and a permanent injunction is awarded in the final judgment, he can never have any right of action upon the undertaking. If he does succeed in securing the relief demanded, then the defendant cannot construct and operate its road upon any part of the plaintiff's premises without first compensating the plaintiff for the damages he may sustain. By an undertaking conditioned as required by statute the plaintiff would be entitled to indemnity for all the loss sustained by him by reason of vacating the injunction order, which would embrace damages for excavating and removing earth from the street, and cutting down trees in that part of the highway in front of his premises.

After final judgment in the plaintiff's favor, in an action upon a bond such as the defendant is required to give by the order, he could only recover such damages as he may sustain by reason of constructing and operating the road over his premises.

In this class of cases, where there is no attempt to meet the plaintiff's case upon its merits, and the defendant seeks to remove the injunction by giving an undertaking, as now provided by the statute, the plaintiff has a right to exact an undertaking from the defendant in full and strict compliance with the statute.

For this reason the order vacating the injunction should be reversed, with ten dollars costs and disbursements on this appeal, and ten dollars costs for opposing the motion at Special Term.

SMITH, P. J., and HARDIN, J., concurred.

Order reversed with ten dollars costs and disbursements, and ten dollars costs for opposing motion at Special Term.